## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LINDA J. LONG,
          Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
          Agency.

DOCKET NUMBER
PH-0845-19-0107-I-1

DATE: May 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Linda J. Long, Newark, Delaware, pro se.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On November 21, 2017, the appellant requested reconsideration of an Office of Personnel Management (OPM) decision finding that she had been overpaid $48,256.00 in Federal Employees' Retirement System (FERS) annuity benefits. Initial Appeal File (IAF), Tab 1 at 9. On January 14, 2019, OPM issued a reconsideration decision affirming its calculation of the overpayment and denying the appellant's request for a waiver. *Id.* at 9-13. OPM indicated that it had collected $344.19 of the overpayment and would collect the balance ($47,911.81) in 935 monthly installments of $51.23 plus one installment of $11.76, beginning with the appellant's April 1, 2019 annuity payment check. *Id.* at 13.

On January 28, 2019, the appellant filed a Board appeal contesting OPM's reconsideration decision. *Id.* at 1-7. On February 8, 2019, OPM moved to dismiss the appeal, stating that it had completely rescinded its January 14, 2019 final decision. IAF, Tab 4 at 4. In a filing dated February 13, 2019, OPM stated that, once the appeal was dismissed, it would remand the case to its Legal Reconsideration Branch for further development and the appellant would receive a decision about her annuity overpayment. IAF, Tab 5 at 3. The following day,

the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction based on OPM's rescission of its final decision. IAF, Tab 6, Initial Decision (ID) at 2.

The appellant has filed a petition for review in which she argues the merits of her appeal but does not address the jurisdictional issue. Petition for Review (PFR) File, Tab 1 at 1-4. The appellant also submits several documents with her petition for review. *Id.* at 6-68. OPM has filed a brief response opposing the petition for review. PFR File, Tab 4.

## ANALYSIS

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1256(b)(2)(i)(A). The Board has jurisdiction over OPM determinations affecting an appellant's rights or interests under FERS after OPM has issued a final decision, known as a reconsideration decision. 5 U.S.C. § 8461(e); 5 C.F.R. § 841.308; *see Okello v. Office of Personnel Management*, 120 M.S.P.R. 498, ¶ 14 (2014) (stating that a reconsideration decision is final and appealable to the Board). If OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which that reconsideration decision is at issue, and the appeal must be dismissed. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). However, the Board has held that, if OPM rescinds its reconsideration decision after the appellant files a Board appeal and it is apparent that OPM does not intend to issue a new decision, the Board retains jurisdiction to adjudicate the merits. *See Triplett v. Office of Personnel Management*, 100 M.S.P.R. 571, ¶¶ 5-7 (2005).

Here, OPM asserted below that it had rescinded the reconsideration decision and clearly indicated that it intended to issue a new decision regarding

the appellant's annuity overpayment. IAF, Tab 4 at 4, Tab 5 at 3. The appellant has not suggested that OPM has not completely rescinded the reconsideration decision or that it does not intend to issue a new decision. Accordingly, we find that the administrative judge correctly dismissed this appeal for lack of jurisdiction.[2] ID at 2.

<u>We decline to consider the documents that the appellant submits on review.</u>

The appellant submits several documents with her petition for review. PFR File, Tab 1 at 6-68. Under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material. Two of the documents the appellant submits on review—OPM's October 31, 2017 decision notifying the appellant of the annuity overpayment and OPM's January 14, 2019 reconsideration decision—are already part of the record below and thus are not new. *Compare* PFR File, Tab 1 at 10, 16-20, *with* IAF, Tab 1 at 9-14; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence that is already a part of the record is not new). Moreover, all of the documents the appellant submits on review are immaterial to the dispositive jurisdictional issue and would not warrant an outcome different from that of the initial decision. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). Therefore, we have not considered these documents.

---

[2] As the administrative judge properly noted in the initial decision, the appellant may file an appeal of OPM's new reconsideration decision if she is dissatisfied with it. ID at 2; *see* 5 C.F.R. § 831.110.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.